UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT DAVIS,

                                  Plaintiff,

                                                                   1:13-CV-1380
v.                                                               (DNH/TWD)

CAPITAL CITY RESCUE MISSION,
WAYNE HILL, WILLIE FOSTER,

                                  Defendants.
_____

APPEARANCES:                                 OF COUNSEL:

ROBERT DAVIS
Plaintiff pro se
29 Swan Street
Albany, New York 12210

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent this pro se complaint together with an application to proceed *in forma pauperis* to the Court for review. (Dkt. Nos. 1 and 2.) For the reasons discussed below, I grant Plaintiff's *in forma pauperis* application (Dkt. No. 2) and recommend that the action be dismissed without leave to amend.

**I.    ALLEGATIONS OF THE COMPLAINT**

Plaintiff alleges that on November 4, 2013, he was sitting in the chapel area of the Albany Rescue Mission watching a movie. (Dkt. No. 1 at 3.) Two staff members sat next to him and four residents of the shelter held him down. *Id.* The staff members then sexually assaulted him. *Id.* When Plaintiff broke free, the staff members told him that he would have to leave the shelter

if he did not cooperate with their sexual advances because "nobody likes or trust[s] Muslims." *Id.*

## II. PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff has applied to proceed *in forma pauperis*. (Dkt. No. 2.) A court may grant *in forma pauperis* status if a party "is unable to pay " the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1) (2006). After reviewing Plaintiff's *in forma pauperis* application (Dkt. No. 2), I find that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[1]

## III. LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

28 U.S.C. § 1915(e) (2006) directs that when a litigant proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (2006).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a

---

[1] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief." *Id.* at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When screening a complaint, the court has the duty to show liberality towards pro se litigants. *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam). "[E]xtreme caution should be exercised in ordering *sua sponte* dismissal of a pro se complaint before the adverse party has been served and [the] parties have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

**IV.   ANALYSIS**

Plaintiff alleges that Defendants Capital City Rescue Mission, Wayne Hill, and Willie Foster violated his rights under 42 U.S.C. § 1983. (Dkt. No. 1 at 1.) Specifically, Plaintiff alleges that Defendants violated his First Amendment rights. *Id.* at 2.

42 U.S.C. § 1983 permits a person to recover damages for violations of federal or

constitutional rights "under color of any statute, ordinance, regulation, custom, or usage of any State or Territory." It is the duty of the plaintiff to allege state action on the part of the defendants named in a complaint, and a court may dismiss an action under 28 U.S.C. § 1915(e) where a plaintiff fails to plead such a nexus. *See, e.g., Carollo-Gardner v. Diners Club*, 628 F. Supp. 1253, 1256-57 (E.D.N.Y. 1986) (dismissing as frivolous pro se complaint where plaintiff failed to allege state action on part of defendants) (citations omitted); *see also DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 311 (2d Cir. 1975) (affirming dismissal of complaint where plaintiff failed to include allegations of state action in complaint), *modified on other grounds* 520 F.2d 409 (2d Cir. 1975). Private actors can be liable under § 1983 pursuant to the "joint action" doctrine, under which "a private actor can be found to act under color of state law for § 1983 purposes if the private party is a willful participant in a joint action with the State or its agents." *Anilao v. Spota*, 774 F. Supp. 2d 457, 498 (S.D.N.Y. 2011) (citation and punctuation omitted).

Here, Plaintiff has not alleged any state action. As Plaintiff was informed in previous litigation against the Rescue Mission, the Rescue Mission is not a state actor. *See Davis v. Cuomo*, No. 1:10-CV-0221, Dkt. No. 17 at 5-6 (N.D.N.Y. Oct. 10, 2010) (granting motion to dismiss Plaintiff's First Amendment claim against the Rescue Mission). Rather, it is a non-profit religious organization. *Id.* at 6; CAPITAL CITY RESCUE MISSION, http://capitalcityrescuemission.com/who-we-are/about-us/ (last visited Nov. 12, 2013). Further, the complaint does not allege any facts plausibly suggesting that the Rescue Mission (or its employees) was engaged in a joint action with the State or its agents. Therefore, I recommend that the Court dismiss Plaintiff's § 1983 claim for failure to allege state action.

Where a pro se complaint fails to state a cause of action, the court generally "should not

dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Id.* (citation omitted). Here, there is no indication that Plaintiff could state a valid federal claim. Although Plaintiff's allegations are serious and disturbing, there is no indication that Plaintiff could state any valid federal cause of action or bring this case within the Court's diversity jurisdiction. Therefore, I recommend that the Court dismiss the complaint without leave to amend.

**WHEREFORE**, it is hereby

**ORDERED** that the application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further

**RECOMMENDED** that the complaint (Dkt. No. 1) be dismissed without leave to amend; and it is further

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing

*Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).


Dated: November 18, 2013
      Syracuse, New York

                                      Thérèse Wiley Dancks
                                      United States Magistrate Judge